# Miriam C. Van Gorder, Exrx., Plff. in Err., v. Freehold Bank.

Where an arrangement was made by a debtor with his creditor, to extend the time on a debt already due and take a time note therefor, with certain other notes as security, in an action on the notes given as security, *held*, that the extension of time was a sufficient consideration for them.

(Decided November 15, 1886.)

Argued Nov. 8, 1886, before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. October Term, 1886, No. 201, W. D. Error to the Common Pleas No. 2 of Allegheny County to review a judgment on a verdict directed for plaintiff in an action of assumpsit. Affirmed.

This action was brought by the Freehold Bank against Miriam C. Van Gorder, executrix of Frank Van Gorder, deceased, on two notes, each for $5,000, one dated March 26, 1884, the other dated April 28, 1884, both at ninety days, payable to the order of Frank Van Gorder and by him indorsed and duly protested for non-payment. The notes were produced in evidence at the trial and defendant admitted that they were made by her testator, but alleged that she had a defense to the notes. She conceded that they were made for a good and proper consideration and were discounted by the Penn Bank, but claims that there is a set-off; that if they were sued on by the Penn Bank there would be a set-off to them, and alleges that plaintiff is not a holder for value.

It was admitted on the trial that Frank Van Gorder owned two certificates of deposit of the Penn Bank, which with his

NOTE.—Every negotiable instrument is deemed, prima facie, to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value. Act May 16, 1901 (P. L. 194). But a transfer of negotiable paper as security for an existing debt is not for value, unless some new consideration passes. Schaeffer v. Fowler, 111 Pa. 451, 2 Atl. 558; Carpenter v. National Bank, 106 Pa. 170; Maynard v. Sixth Nat. Bank, 98 Pa. 250. If an extension of payment be the cause of transfer, as in VAN GORDER v. FREEHOLD BANK, the holder takes for value. Muirhead v. Kirkpatrick, 21 Pa. 237; Mercer v. Lancaster, 5 Pa. 160; Fink v. Farmers' Bank, 178 Pa. 154, 56 Am. St. Rep. 746, 35 Atl. 636.

money on deposit was more than sufficient to cover the notes with
interest.

The following facts appeared on the trial in the court below.
before EWING, J.:

May 21, 1884, the Penn Bank suspended payment and
closed its doors to business, and so remained from Wednesday
the 21st about noon until about noon of Friday the 23d, when
it opened and remained open until some time on the 26th of
May.    The Penn Bank had these notes in suit in its possession
at the time of the suspension, May 21; at that time the Free-
hold Bank held in the ordinary course of business a cashier's
check for $186,900 which was payable immediately.    The bank
officers at once entered into negotiations with bankers and others,
to reopen the bank, which was reopened Friday noon, May 23.
On the same day before it was opened a definite arrangement
was made with the Freehold Bank by which the cashier's check
of $186,900 was given up and a time note at sixty days taken;
and as security for that note, securities or notes that the Penn
Bank held to the amount of $200,000 were given, among them
being the notes in suit, which were not then due. . Mr. McGib-
ben, representing the bankers, testified that he advised the Penn
Bank to get time on the cashier's check, and to give the security,
and that it was done.    The court held that there was a good
consideration for the note, and that the plaintiff bank was a
holder for value, and that notwithstanding the defendant may
have had a set-off if the Penn Bank continued to hold the notes,
it had none in this case, and instructed the jury that under all
the evidence the plaintiff was entitled to recover the amount of
the notes.    The jury returned a verdict for the plaintiff, upon
which judgment was entered; and defendant took this writ, as-
signing as error the action of the court in directing such verdict,
and in deciding the question of fraud raised by the evidence,
and in not submitting the same to the jury for its determination.

*George Elphinstone,* for plaintiff in error.—Whether there
was a new consideration leading to the execution of the note;
sued, was a question of fact for the jury.    Kirkpatrick v. Muir-
head, 16 Pa. 126.

A holder of negotiable paper as collateral security for an
antecedent debt is not a holder for value and the maker can set

up any defense he had against the payee. Kirkpatrick v. Muirhead, 16 Pa. 123; Maynard v. Sixth Nat. Bank, 98 Pa. 250.

A purchaser with notice that the sale is a breach of trust, or a fraud upon the rights of the real owner, is *particeps criminis* with the fraudulent vendor, and his purchase cannot protect him against the owner, because such a purchase is not bona fide. Notice is either actual or constructive. . . . Whatever is sufficient to put a party upon inquiry is in equity held to be good notice to bind him. Garrard v. Pittsburgh & C. R. Co. 29 Pa. 158.

A party receiving from the president of a railroad company a bond given to the company, with an assignment in blank upon it, by such president, which purports to have been done by him as president, by order of the board of directors, as collateral security for an antecedent debt due by such president individually, is not such bona fide holder for value, without notice, as can hold the bond against the company. Ibid.

The board of directors cannot be held to a ratification of the president's act, when that act was without authority, and knowledge thereof was not brought home to the board. Twelfth Street Market Co. v. Jackson, 102 Pa. 269.

*C. C. Dickey* and *William R. Blair,* for defendant in error. ——The presumption of law is that the indorsee of negotiable paper received it bona fide in due course and for valuable consideration. To put him to proof of his title, the defendant must make out a prima facie case that the bill was obtained by undue means, fraud, or force, or that it was lost. Gray v. Bank of Kentucky, 29 Pa. 365.

Nothing but clear evidence of knowledge, or notice, fraud, or *mala fides,* can impeach the prima facie title of a holder of negotiable paper taken before maturity. Moorehead v. Gilmore, 77 Pa. 118, 18 Am. Dec. 435.

This extension of the time of payment to the Penn Bank was a good and sufficient consideration for the transfer of the notes. Mechanics' & F. Bank v. Wilson, 42 N. Y. 438; Grocers' Bank v. Penfield, 7 Hun, 279; 2 Am. Lead Cas. 223, *et seq.;* Petrie v. Clark, 11 Serg. & R. 377, 14 Am. Dec. 636; Kirkpatrick v. Muirhead, 16 Pa. 117; Depeau v. Waddington, 6 Whart. 220, 36 Am. Dec. 216; Royer v. Keystone Nat. Bank, 83 Pa. 248; Miller v. Pollock, 99 Pa. 202.

PER CURIAM:

As the collateral sued on in this case appears to have been given for an extension of time on the cashier's check, held by the plaintiff below, the consideration was sufficient, and war-. ranted the court in directing a verdict for the plaintiff.

The judgment is affirmed.